D. EDWARD HAYS, #162507
ehays@marshackhays.com
TINHO MANG, #322146
tmang@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee,
ARTURO M. CISNEROS

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

| In re | Case No. 6:23-bk-15163-WJ |
|---|---|
| SHAMICKA LAWRENCE, | Chapter 7 |
| Debtor. | CHAPTER 7 TRUSTEE'S APPLICATION TO EMPLOY MARSHACK HAYS WOOD LLP AS GENERAL COUNSEL; DECLARATIONS OF ARTURO M. CISNEROS AND D. EDWARD HAYS IN SUPPORT |
| | [NO HEARING REQUIRED] |

TO THE HONORABLE WAYNE JOHNSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL INTERESTED PARTIES:

Arturo M. Cisneros, in his capacity as Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of Shamicka Lawrence[1] ("Debtor"), respectfully submits this application ("Application") for entry of an order authorizing the employment of Marshack Hays Wood LLP ("Firm"), effective as of December 4, 2023, as the Trustee's and the Estate's general counsel in this case pursuant to 11 U.S.C. § 327. In support of this Application, the Trustee and the Firm respectfully represent as follows:

**1.    Statement of Facts**

On November 3, 2023 ("Petition Date"), Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code commencing Case No. 6:23-bk-15163-WJ. On the same day,

---

[1] a/k/a Shamicka Gibbs or Shamicka Hill.

1

Arturo M. Cisneros was appointed as Chapter 7 Trustee of the Estate. Debtor's petition was filed without all schedules.

On November 17, 2023, as Dk. No. 10, Debtor filed schedules and a statement of financial affairs.

Debtor's schedules A/B listed an interest in real property located at 11364 Estates Court, Riverside, California 92503 ("Residence"), with a scheduled value of $1,200,000. Debtor states she owns 50% of her principal residence and the remaining 50% is held by a third party trust for the benefit of her adult children Amara Trinity Lawrence and Iyanna Faith Lawrence. Debtor also claims a homestead exemption in the Residence.

From November 17-20, 2023, Debtor filed a series of additional schedules and statements.

Debtor's schedules and statements list an interest in a number of corporate entities and Debtor may be the operator of approximately 9-10 Massage Envy franchises. Trustee requires the assistance of the Firm to investigate the Debtor's interests in business assets.

Debtor appears to have been recently married to Antwuan Hill, and Debtor's schedules disclose substantial income, but no detail on assets, of Debtor's spouse. Trustee requires the assistance of the Firm to investigate the Debtor's interest in community property assets.

## 2. Requirements for Application to Employ Professional

Rule 2014(a) of the Federal Rules of Bankruptcy Procedure provides as follows:

> An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and, unless the case is a chapter 9 municipality case, a copy of the application shall be transmitted by the applicant to the United States Trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

### A.    Facts Showing the Necessity for the Employment

Trustee requires the assistance of retain general counsel to: (1) investigate the Estate's

interest in assets listed on Debtor's schedules and any potential community property assets of the non-Debtor spouse Antwuan Hill; (2) determine how to recover, preserve, and administer such assets for the benefit of creditors; (3) advise Trustee on any litigation claims of the Estate including but not limited to issues regarding Debtor's discharge; and (4) to advise Trustee on any other aspects of administering the Estate.

The Firm is knowledgeable and experienced in representing Chapter 7 Trustees in analyzing, recovering, and liquidating all types of assets and in providing representation for all aspects of a Chapter 7 bankruptcy case.

**B.    Reasons for the Selection.**

The Firm is well-qualified to render the requested professional services to the Estate. The Firm comprises attorneys who have extensive experience in insolvency, bankruptcy, the assessment of assets, the recovery and liquidation of assets, as well as litigation matters of the type that may need to be pursued in this case. The Firm is experienced in the representation of Chapter 7 bankruptcy trustees, and the Firm is experienced with all issues that routinely arise in the context of a bankruptcy case.

All attorneys comprising or associated with the Firm who will appear in this case are duly admitted to practice law in the courts of the State of California, the Ninth Circuit Court of Appeals (including the Bankruptcy Appellate Panel), the United States District Court for the Central District of California, and this Court. One of the Firm's partners, D. Edward Hays, is also a certified bankruptcy specialist with the State Bar of California. A biography of each professional of the Firm and a list of the current hourly billing rates is attached as **Exhibit 1** to the Declaration of D. Edward Hays ("Hays Declaration").

**C.    Professional Services to be Rendered.**

In this case, Trustee requires assistance of counsel to:

- Investigate, analyze, and advise on the Estate's interest in Estate assets;
- To obtain any orders or judgments necessary to enforce and vindicate the Estate's interest in real and personal property assets;
- Investigate possible avoidance actions and litigation claims, including claims to deny the

Debtor's discharge;

- Review the claims register and, if advisable, object to creditor claims, or negotiate with creditors and lienholders, where necessary.

In addition, the Firm may be required to assist Trustee in the following matters:

- To represent Trustee in any proceeding or hearing in the Bankruptcy Court and in any action where the rights of the Estate or Trustee may be litigated or affected;

- To conduct examinations of Debtor, witnesses, claimants, or adverse parties and to prepare and assist in the preparation of reports, accounts, applications, motions, complaints and orders; and

- To perform any and all other legal services incident and necessary for the smooth administration of this bankruptcy case.

### D.   Persons to be Employed and Compensation.

The Trustee seeks to employ the law firm of Marshack Hays Wood LLP as the Estate's general counsel in this case. Pursuant to FRBP 2014(b), partners, members, and regular associates of the Firm will act as attorneys for the Estate without further order of the Court.

The professionals and paraprofessionals who may render services in connection with the Firm's representation of the Estate are identified in the Firm's billing detail, to be submitted with each application for allowance of fees and reimbursement of costs, by their initials. The Firm's hourly billing rates change in accordance with customary business practices, and the effective date of changed hourly rates will be provided through notice to all parties. The Firm's current hourly billing rates, are:

| Partners | Rates | Of Counsel | Rates | Paralegals | Rates |
|---|---|---|---|---|---|
| Richard A. Marshack | $690 | Kristine A. Thagard | $590 | Pamela Kraus | $290 |
| D. Edward Hays | $690 | Matthew W. Grimshaw | $590 | Chanel Mendoza | $290 |
| David A. Wood | $550 | Chad V. Haes | $550 | Layla Buchanan | $290 |
| Laila Masud | $460 | Associates | Rates | Cynthia Bastida | $290 |
|  |  | Tinho Mang | $430 | Kathleen Frederick | $260 |
|  |  | Bradford N. Barnhardt | $360 |  |  |
|  |  | Sarah R. Hasselberger | $340 |  |  |

The Firm will be compensated from assets of the Estate, if any, and will not be compensated absent the Estate's receipt or recovery of such assets. The Firm has received no retainer for the

services to be performed in this case and has agreed that no retainer will be paid. The Firm understands that its compensation in this case is subject to approval by the Bankruptcy Court. In compliance with 11 U.S.C. §§ 330 and 331, the Firm intends to file interim and final applications for allowance of fees and reimbursement of costs as and when appropriate. The Firm has advised the Trustee that the Firm has not shared or agreed to share any compensation to be received in this case with any other person, except among partners of the Firm.

### E. FRBP 2014 - Firm's Connections and Associations.

Except as disclosed, and to the best of the Firm's knowledge, neither the Firm, nor any of the attorneys or paraprofessionals comprising or employed by it, has any disqualifying connection with Debtor or Debtor's attorneys or accountants, Debtor's creditors, or any other party in interest, or their respective attorneys or accountants. The Firm ran a conflict(s) check prior to the filing of this employment application and identified no disqualifying connections. Based on the foregoing, and the attached Declaration of Arturo M. Cisneros, Trustee believes that the Firm is a "disinterested person" within the meaning of 11 U.S.C. § 101(14).

The Firm does not have an interest adverse to the Debtor or the bankruptcy Estate. As of the Petition Date, the Firm was not a creditor of the Estate and was not owed any funds by Debtor.

To the best of the Firm's knowledge, and as set forth in the attached Hays Declaration, none of the attorneys comprising or employed by the Firm has any connection with any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee, or any person currently employed in the Office of the United States Trustee, except that:
(1) Richard A. Marshack, a member of the Firm, is a panel Chapter 7 trustee in unrelated cases;
(2) the Firm has served as general counsel to Arturo M. Cisneros, in his capacity as a Chapter 7 Trustee and other Chapter 7 panel trustees in unrelated cases; (3) several of the Firm's attorneys have served as law clerks or externs to various Bankruptcy Judges in this District, but not the judge in this case; and (4) two judges (but not the judge in this case) of the United States Bankruptcy Court for the Central District of California have performed civil marriage ceremonies for members of the Firm or their family members.

/ / /

## 3. Conclusion

Trustee requests that he be authorized to employ the Firm as his general counsel pursuant to 11 U.S.C. § 327 at the Firm's hourly rates with any compensation and reimbursement of costs to be paid by the Estate only upon application to and approval by the Court pursuant to 11 U.S.C. §§ 330 and 331.

DATED: December 5, 2023

MARSHACK HAYS WOOD LLP

By: *D. Edward Hays*
D. EDWARD HAYS
TINHO MANG
Attorneys for Arturo M. Cisneros,
Chapter 7 Trustee for the Bankruptcy Estate of
Shamicka Lawrence

DATED: December 14, 2023

By: /s/ Arturo Cisneros
ARTURO M. CISNEROS
Chapter 7 Trustee

## Declaration of Arturo M. Cisneros

I, Arturo M. Cisneros, say and declare as follows:

1. I am an individual over 18 years of age and competent to make this Declaration.

2. I am the Chapter 7 Trustee of the Bankruptcy Estate of Shamicka Lawrence ("Debtor"), Case No. 6:23-bk-15163-WJ.

3. I make this Declaration in support of my application to Employ Marshack Hays Wood LLP as General Counsel ("Application").

4. If called as a witness, I could and would competently testify to the following of my own personal knowledge.

5. I require the assistance of Marshack Hays Wood LLP ("Firm") as general counsel in this case to advise me regarding the value and benefit of Estate assets, and to provide legal services necessary for the liquidation and administration of any such assets.

6. I believe that the Firm is well-qualified to provide advice to me regarding the assets in this case, and to provide services as general bankruptcy counsel in this case.

7. To the best of my knowledge, there is no disqualifying conflict of interest arising from the Firm's representation of me in this case. I have, in my capacity as Chapter 7 trustee for other, unrelated cases, hired the Firm as bankruptcy counsel for other, unrelated bankruptcy estates, and the Firm currently represents me in my fiduciary capacity in other cases. These current pending cases are: (1) *In re Douglas J. Roger, MD, Inc., A Professional Corporation*, 6:13-bk-27344-MH; (2) *In re Mark W. Scarlatelli*, 6:18-bk-19048-SY; (3) *In re Nicholas Rocco Balsamo & Brenda Comstock Balsamo*, 6:23-bk-10295-WJ; and (4) *In re Mark Andrew Phillips*, 6:23-bk-13220-SY.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 14, 2023.

_____
ARTURO M. CISNEROS

## Declaration of D. Edward Hays

I, D. Edward Hays, say and declare as follows:

1. I am an individual over 18 years of age and competent to make this Declaration.

2. I am an attorney at law duly admitted to practice before this Court and all courts of the State of California.

3. I am a founding partner in the law firm of Marshack Hays Wood LLP ("Firm") and maintain offices at 870 Roosevelt, Irvine, California, 92620.

4. I make this Declaration in support of the Application of Chapter 7 Trustee to Employ Marshack Hays Wood LLP as General Counsel ("Application") filed by Arturo Cisneros, the Chapter 7 Trustee ("Trustee") for the Bankruptcy Estate ("Estate") of Shamicka Lawrence ("Debtor"), Case No. 6:23-bk-15163-WJ.

5. If called as a witness, I could and would competently testify to the following of my own personal knowledge.

6. Trustee has asked that the Firm serve as his counsel in connection with the administration of the Estate. The Firm is well-qualified to do so.

7. The Firm comprises attorneys who have extensive experience in most aspects of insolvency, bankruptcy, and corporate reorganization and is well-qualified to represent Trustee in proceedings of this nature. The Firm is experienced in debtor/creditor matters, including the representation of trustees in bankruptcy cases and liquidation of Debtor's scheduled and unscheduled assets. The members of the Firm have a combined Bankruptcy Court practice of decades, and the Firm has handled many of the issues that routinely arise in the context of a bankruptcy case.

8. All attorneys comprising or associated with the Firm who will appear in this case are duly admitted to practice law in the courts of the State of California and in the United States District Court for the Central District of California. A biography of each professional of the Firm with billing rates is attached as **Exhibit 1** and incorporated by this reference.

/ / /

/ / /

9. The Firm and each of the members, associates, and paralegals who will work on this case are familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules.

10. The Firm has not received a retainer for the services that it will perform in this matter.

11. The Firm understands that its compensation in this case is subject to approval of this Court pursuant to 11 U.S.C. §§ 327, 330, and 331.

12. The Firm has not shared or agreed to share any compensation to be received by it in the case with any other person, except as among partners of the Firm.

13. The Firm's practice is focused primarily on matters of bankruptcy, insolvency and reorganization. The Firm does not have a substantial "commercial" practice outside of bankruptcy.

14. From its inception, the Firm has maintained databases of all bankruptcy cases in which it has been employed, through document management and billing systems. For every new potential case where the Firm is employed, a search of these databases of the Debtor(s) and all creditors is performed to ascertain if the Firm has any previous relationship that would prevent its employment in the case.

15. In this case, the Firm completed a conflicts-check prior to submitting this Application by using the information provided by Debtor in their petition against the Firm's databases. As a result of the conflicts check, no relationship was identified that would prevent employment in this matter.

16. To the best of my knowledge, neither the Firm, nor any of the attorneys comprising or employed by it, has any connection with Debtor or Debtor's attorneys or accountants, Debtor's creditors, or any other outside party-in-interest, or their respective attorneys or accountants, except that (1) Richard A. Marshack is a panel Chapter 7 trustee; (2) several of the Firm's attorneys have served or will serve as law clerks or externs to various Central District of California Bankruptcy Judges in this District, but not the judge in this case; (3) two judges of the United States Bankruptcy Court for the Central District of California, have performed civil marriage ceremonies for members of the Firm or their family members pursuant to California Family Code § 400(b)(3)(C); and (4) Mr. Cisneros has previously employed and continues to employ the Firm, as his insolvency counsel in

other, unrelated bankruptcy cases. There is no disqualifying conflict of interest in this case preventing employment.

17. To the best of my knowledge, neither the Firm, nor any of the attorneys comprising or employed by it, has any connection with Debtor or Debtor's attorneys or accountants, Debtor's creditors, or any other outside party in interest, or their respective attorneys or accountants.

18. As of the Petition Date, the Firm was not a creditor of the Estate, an equity security holder, or an insider of Debtor. The Firm has no pre-petition claim against Debtor's Estate and was not owed any funds by Debtor.

19. The Firm does not have an interest adverse to Debtor or the bankruptcy Estate.

20. Based on the foregoing, I believe that the Firm is a "disinterested person" within the meaning of Bankruptcy Code § 101(14).

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 14, 2023.

                                    */s/ D. Edward Hays*
                                    D. EDWARD HAYS

# Exhibit "1"

## PARTNERS

**RICHARD A. MARSHACK**

Richard A. Marshack is a founding member of the firm of Marshack Hays Wood LLP. He was born in Las Vegas, Nevada, June 21, 1958. He graduated from University of California at Irvine in 1979 with a Bachelor of Arts degree and California Western School of Law (J.D. Magna Cum Laude, 1982). Recipient, American Jurisprudence Award: Agency and Partnership. Staff Writer, 1980-1981 and Lead Articles Editor, 1981-1982 California Western Law Review. He was admitted to the California Bar in 1982 and the U. S. District Court, Central and Southern Districts of California and U. S. Court of Appeals, Ninth Circuit, 1984.

Mr. Marshack was Law Clerk to the Honorable Folger Johnson, Chief Judge, United States Bankruptcy Court, District of Oregon, 1982-1984, and an Adjunct Professor: Bankruptcy Law, Western States University College of Law, Bankruptcy Law, 1993; Bankruptcy Law, University of California, Irvine, 1985-1992.

Mr. Marshack has authored several articles, including: "The Toxic Claim: Using Bankruptcy Law to Limit Environmental Liabilities," California Bankruptcy Journal, Volume 19, Number 3, 1991; "Recent Developments Under Section 546 of the Bankruptcy Code," Tactics for Unsecured Creditors of Bankrupt Debtors," California Lawyer 21, August, 1984; "Adequate Protection for the Unsecured Creditor Under the Bankruptcy Code", Commercial Law Journal 621, December 1983; "Recent Developments for Reclaiming Goods Under the Bankruptcy Code and the Uniform Commercial Code, "Uniform Commercial Code Law Journal 187, July, 1983; "Reclamation of Goods Under the Bankruptcy Code," Oregon Debtor-Creditor News Letter, I, July 1983; "*Sindell vs. Abbot Laboratories*: Is Market Share Liability the Best Remedy to the DES Controversy" California Western Law Review 143, 1981.

Memberships: Orange County Bankruptcy Forum, Director and President 1995-96; Orange County Bar Association (Commercial Law & Bankruptcy Section), Chairman, 1989; California State Bar Association; Commercial Law League of America; Los Angeles Bankruptcy Forum.

*Panel Bankruptcy Trustee for U.*S. *Bankruptcy Court, Central District of California,* 1985 - *Present.*

**D. EDWARD HAYS**

Ed is a founding member of the firm of Marshack Hays LLP. He graduated with honors from California State University at Fullerton in 1989 with a Bachelor of Arts degree in Business. He graduated from the University of Southern California Law Center in 1992 where he was a member of the Hale Moot Court Honors program. Mr. Hays was admitted to practice in 1992. Ed has been certified as a bankruptcy law specialist by the State Bar of California.

Ed focuses his practice on bankruptcy and litigation matters. In 2020, he was the President of the California Bankruptcy Forum. In 2000 and 2017, he served as Chair of the Commercial Law & Bankruptcy Section of the Orange County Bar Association. He also has served as a Director or member of the following organizations: the Inland Empire Bankruptcy Forum; the Orange County Bankruptcy Forum; the William P. Gray Legion Lex American Inns of Court, the Federal Bar Association, and the Executive Council for the College of Business at Cal State Fullerton. In 1998 and 1999, Mr. Hays also served as a Judge Pro Tem for the Superior Court of the State of California, County of Los Angeles. Ed has been selected on numerous occasions to present continuing education lectures on various legal topics including bankruptcy, litigation, exemptions, and legal research. He has spoken at the National Conference of Bankruptcy Judges, the National Association of Bankruptcy Trustees, the National Association of Consumer Bankruptcy Attorneys, the California Bankruptcy Forum, the Orange County Bankruptcy Forum, the Inland Empire Bankruptcy Forum, the Orange County Bar Association, and the Office of the United States Trustee for multiple Regions. He also served on the Central District Task Force for Amendments to the Local Bankruptcy Rules.

Ed's published cases include:
- *In re Brace,* 9 Cal.5th 903 (Cal. Supreme Court 2020)
- *Richards v. Marshack (In re Richards),* 644 B.R. 544 (Distr. C.D.Cal. 2022)
- *Legal Serv. Bureau, Inc. v. Orange Cnty. Bail Bonds, Inc. (In re Orange Cnty. Bail Bonds, Inc.),* 638 B.R. 137 (9th Cir. BAP 2022)
- *In re Eagan Avenatti, LLP,* 637 B.R. 502 (Bankr. C.D.Cal. 2022)
- *Patow v. Marshack (In re Patow),* 632 B.R. 195 (9th Cir. BAP 2021)
- *In re Brace,* 979 F.3d 1228 (9th Cir. 2020)
- *In re Nolan,* 618 B.R. 860 (Bankr. C.D.Cal. 2020)
- *Jue v. Liu (In re Liu),* 611 B.R. 864 (9th Cir. BAP 2020)
- *Naylor v. Farrell (In re Farrell),* 610 B.R. 317 (Bankr. C.D.Cal. 2019)
- *In re Roger,* 393 F.Supp.3d 940 (Distr. Cal. 2019)
- *Brace v. Speier,* 908 F.3d 531 (9th Cor. 2018)
- *Slaieh v. Simons,* 548 B.R. 28 (Distr. Cal. 2018)
- *Cal. Corr. Peace Officers Ass'n Ben. Trust Fund v. Corbett (In re Corbett),*
- *2017 U.S.Dist. Lexis 108925 (E.D. Cal. 2017)*
- *Brace v. Speier (In re Brace),* 566 B.R. 13 (9th Cir. BAP 2017)
- *In re DRI Cos. v. Sunwize Techs. Inc. (In re DRI Cos.),* 552 B.R. 195 (Bankr. C.D.Cal. 2016)
- *Stahl v. Whelan Elec., Inc. (In re Modtech Holdings),* 503 B.R. 737 (Bankr. C.D.Cal. 2013)
- *In re Cusimano,* 2013 WL 9736597 (Bankr. C.D.Cal. 2013)
- *In re Cass,* 476 B.R. 602 (Bankr. C.D.Cal. 2012)
- *In re Four Star Financial Services, Inc.,*
- *444 B.R. 428 (Bankr. C.D.Cal. 2011) rev'd 469 B.R. 30 (D.Cal. 2012)*
- *In re Rinard,* 415 B.R. 12 (Bankr. C.D.Cal. 2011)
- *In re Dick Cepek,* 339 B.R. 730 (9th Cir. BAP 2006)
- *In re Dudley,* 249 F.3d 1170 (9th Cir. 2001)
- *In re Kim,* 257 B.R. 680 (9th Cir. BAP 2000)
- *In re Kuraishi,* 237 B.R. 172 (Bankr. C.D.Cal. 1999)
- *Blonder v. Cumberland Engineering,* (1999) 71 Cal.App.4th 1057, 84 Cal.Rptr.2d 216
- *In re Metz,* 225 B.R. 173 (9th Cir. BAP 1998)
- *In re National Environmental Waste Corporation,* 191 B.R. 832 (Bankr. C.D.Cal. 1996) aff'd 129 F.3d 1052 (9th Cir. 1997)
- *In re Turner,* 186 B.R. 108 (9th Cir. BAP 1995)
- *In re Continental Capital & Credit,* 158 B.R. 828 (Bankr. C.D.Cal. 1993)

Ed and his wife, Sarah Cate Hays, have also co-authored the following law review articles published in the California Bankruptcy Journal:
- *The Client Without a Remedy and the Windfall Estate – The Case for Debtor Ownership of Malpractice Claims Against Bankruptcy Counsel* (32 Cal. Bank. J. 65 (2012));
- *The Same Love – Marriage Equality in Bankruptcy Post-DOMA and the Evolving Rights of Registered Domestic Partners* (33 Cal. Bank. J. 49 (2014)); and
- *Good Help is Hard to Fund: The Problem of Earned Upon Receipt Retainers and Pre-Funded Litigation in Bankruptcy* (33 Cal. Bankr. J. 421 (2016)).

**DAVID A. WOOD**

David A. Wood focuses his practice areas include bankruptcy litigation, business and civil litigation, lender liability, and creditors' rights.

Mr. Wood earned his Bachelor of Arts degree from Biola University in 2003, where he graduated magna cum laude. Thereafter, Mr. Wood was a senior associate at Alfred Gobar Associates, a firm specializing in developing

econometric modeling systems to evaluate land development opportunities, and the existence of economic blight. He earned his law degree from Chapman University School of Law in 2010, where he graduated in the top 6% of his class. Prior to joining Marshack Hays, Mr. Wood served a two-and-a-half year term as the judicial law clerk to the Honorable Erithe A. Smith of the United States Bankruptcy Court for the Central District of California, Santa Ana Division. Mr. Wood also externed for Honorable Theodor C. Albert of the United States Bankruptcy Court for the Central District of California, Santa Ana Division.

While in law school, Mr. Wood was a symposium editor for the Chapman Law Review and the recipient of the CALI Excellence Award for Immigration Law and Select Topics in American Law.

**LAILA MASUD**

Laila Masud focuses her practice in bankruptcy and business litigation, including lender liability and creditors' rights. Ms. Masud graduated cum laude from the University of California, Irvine in 2012. She earned her law degree from Pepperdine University School of Law in 2016. She was admitted to practice law in California in 2016. Prior to joining Marshack Hays, Ms. Masud served as a judicial law clerk to the Honorable Thomas B. Donovan at the United States Bankruptcy Court for the Central District of California, Los Angeles Division. During law school, as an extern for the Honorable Vincent P. Zurzolo at the United States Bankruptcy Court for the Central District of California, Los Angeles Division, she served on the Rules Committee where she conducted research and wrote on various issues of bankruptcy law, including local court forms, rules and procedures. She also served as a student leader and was nominated for The Parris Institute for Professional Formation Award for Excellence in Leadership and Excellence in Peacemaking. Ms. Masud is conversant in Spanish, Urdu and Hindi.

In 2020, Ms. Masud served as the youngest President of the OCBA's Commercial Law and Bankruptcy Section. Ms. Masud is also a member of the International Women's Insolvency & Restructuring Confederation and in August 2020 she was profiled in the Orange County Business Journal for Woman in Law. Currently, Ms. Masud serves on the executive board for the Orange County Bankruptcy Forum.

**ATTORNEYS**

**KRISTINE A. THAGARD** focuses her practice on contract, construction, loan enforcement (including lender's right to insurance proceeds and guarantees), purchase and sale transactions, partnership dispute, toxic cleanup and environmental contamination, broker malfeasance, fiduciary duty (broker/agent, partnership and trust), and insurance (negotiation, bad faith, and declaratory relief). She has significant litigation experience in multi-party complex construction defect actions, all aspects of general/commercial liability defense (construction, product and premise liability), subrogation, and real estate (broker/agent, contract, title, contract and fraud).

Ms. Thagard was born in Lynwood, California and graduated cum laude from Menlo College where she served on the Board of Trustees for 9 years. She received her J.D. from the University of Southern California in 1980. While in law school she served as a judicial extern to the Honorable Robert Kingsly, Second Appellate District Court of Appeal. She is admitted to practice in both California (1980) and Nevada (2001) as well as the Federal Courts of both states. She also holds a California Real Estate Broker's License.

**MATTHEW W. GRIMSHAW** focuses his practice on insolvency law and litigation. He represents parties in all aspects of bankruptcy matters and out-of-court restructurings. He also has significant experience litigating and advising clients on issues resulting from the debtor-creditor relationship, including the enforcement of notes and guarantees, writs of attachment, receiverships, wrongful foreclosures, mortgage elimination scams, and injunctions.

Mr. Grimshaw was born in Mesa, Arizona. He graduated from Brigham Young University with a Bachelor of Arts degree in Economics. He graduated with honors from Willamette University College of Law, where he

served as the editor-in-chief of the school's Journal of International Law and Dispute Resolution. Mr. Grimshaw was admitted to practice law in California in 2000.

Mr. Grimshaw served a two-year term as a judicial law clerk to the Honorable John E. Ryan. During his first year, Mr. Grimshaw served as Judge Ryan's trial law clerk. During his second year, when Judge Ryan was the chief judge of the Bankruptcy Appellate Panel of the Ninth Circuit Court of Appeals, Mr. Grimshaw served as his appellate law clerk.

Mr. Grimshaw has been asked on many occasions to present lectures on various subjects, including bankruptcy, creditors' rights, and legal ethics. He has published numerous articles on bankruptcy-related topics. In 2006, he was also appointed by Ninth Circuit Court of Appeals to serve on the committee that evaluated candidates and made recommendations as to who should fill existing vacancies on the United States Bankruptcy Court for the Central District of California.

Mr. Grimshaw is a long-time member of the Board of Directors for the Orange County Bankruptcy Forum. He also served as Chair of the Commercial Law and Bankruptcy Section of the Orange County Bar Association.

**CHAD V. HAES**

Chad V. Haes focuses his practice areas include bankruptcy litigation, business and civil litigation, lender liability, and creditors' rights. Mr. Haes' litigation experience includes representing institutional lenders in actions related to lien priority and wrongful foreclosure, prosecuting and enforcing mechanic's liens, seeking unlawful detainer judgments on behalf of secured lenders and representing creditors, debtors and trustees in the bankruptcy context.

Mr. Haes is a California native who earned his Bachelor of Arts degree from Azusa Pacific University in 2004 and his law degree from Southwestern Law School in 2008. Prior to joining Marshack Hays, Mr. Haes served a two-year term as the judicial law clerk to the Honorable Meredith A. Jury of the United States Bankruptcy Court for the Central District of California, Riverside Division. Mr. Haes also externed for Honorable Samuel L. Bufford of the United States Bankruptcy Court for the Central District of California, Los Angeles Division.

While in law school, Mr. Haes was a member of the Moot Court Honors Program and the recipient of the John J. Schumacher full-tuition scholarship, the Equal Justice America fellowship, the Wiley W. Manuel Award for Pro Bono Legal Services and the CALI Excellence Award for Constitutional Law. Mr. Haes was also selected as a finalist oralist and finalist writer in the Southwestern First-Year Intramural Moot Court Competition and a finalist oralist in the Rendigs National Products Liability Moot Court Competition.

**TINHO MANG** is an attorney at Marshack Hays. He recently earned his Juris Doctorate from the University of Southern California, Gould School of Law, and prior to that, graduated *magna cum laude* from the University of California, Los Angeles. While at law school, Mr. Mang served as the Executive Senior Editor of the Southern California Review of Law and Social Justice. He also served two full-time summers and one part-time fall semester as an extern in the United States Bankruptcy Court for the Central District of California for the Honorable Scott C. Clarkson. During his externship in bankruptcy court, Mr. Mang developed a deep appreciation for the intricacies of bankruptcy practice, participating substantially in a wide variety of bankruptcy matters ranging from Chapter 11 confirmations, adversarial proceedings for lien avoidance, and a trial seeking to avoid a preferential or fraudulent transfer. Mr. Mang was sworn in as a member of the California State Bar on November 27, 2018.

**BRADFORD N. BARNHARDT** is an associate attorney at Marshack Hays.  Before joining the firm, he completed a two-year judicial law clerkship for the Honorable Sandra R. Klein at the U.S. Bankruptcy Court in Los Angeles.  Brad graduated with honors and in the top 10% of his class from Emory University School of Law and served as a Notes & Comments Editor for the Emory Bankruptcy Developments Journal.  He received a

Bachelor of Arts, summa cum laude, in English and mathematics from the University of Missouri and was elected to Phi Beta Kappa during his junior year.

**SARAH HASSELBERGER** is an associate attorney at Marshack Hays. Before joining the firm, she served as a judicial law clerk for the Honorable Scott H. Yun at the U.S. Bankruptcy Court for the Central District of California. Sarah received a merit scholarship and graduated in the top 7% of her class from Chapman University Dale E. Fowler School of Law. During law school, Sarah worked as a law clerk for Marshack Hays and served as a judicial extern for the Honorable Scott H. Yun and the Honorable Theodor C. Albert in the U. S. Bankruptcy Court for the Central District of California. Sarah received her Bachelor of Science, cum laude, in Arts Administration from Wagner College in Staten Island, New York.

**PARALEGALS AND TRUSTEE ADMINISTRATORS**

**PAMELA KRAUS**, Trustee Case Administrator and Paralegal 1990 to Present; Education: Coastline Community College, Costa Mesa (A.A. 2004); Legal Assistant Training Program, Coastline Community College, American Bar Association Certification (Completion 2004). Member: National Association of Bankruptcy Trustees.

**CHANEL MENDOZA,** Experience: Ms. Mendoza is a seasoned litigation and bankruptcy Senior Paralegal. She has more than twenty years of law related experience comprising of workers' compensation, personal injury, business litigation, employment law, and bankruptcy, all while working under the direct supervision of active members of the California State Bar. Ms. Mendoza has also worked fourteen of those years under the direction and supervision of Marshack Hays Wood LLP's founding partner, D. Edward Hays. Ms. Mendoza has federal and state court experience, including extensive trial and appellate knowledge. Ms. Mendoza is a former Board Member of NALS and is a current member of the National Notary Association and Orange County Legal Secretaries Association, Inc.

**LAYLA BUCHANAN**, Experience: Ms. Buchanan is a Senior Paralegal with Marshack Hays Wood LLP and has over twenty years of law related experience. Ms. Buchanan has worked extensively in civil, bankruptcy and family law, working under the direct supervision of active members of the California State Bar. Ms. Buchanan obtained her Paralegal Certificate from Coastline Community College's ABA accredited program. Member: Orange County Legal Secretaries Association, and Orange County Paralegal Association. Ms. Buchanan has extensive knowledge in all aspects of state and federal court litigation and bankruptcy practices.

**CYNTHIA BASTIDA**, Experience: Ms. Bastida is a Senior Paralegal with Marshack Hays Wood LLP and has over twenty years of experience working as a Legal Assistant/Paralegal. She has her Paralegal Certificate (completion in 1991) and earned a Bachelor of Arts in Psychology from California State University Fullerton in 2004. She has a wide range of experience from civil litigation, bankruptcy, product liability, lemon law, real estate and corporate law as well as eminent domain. Her skills include: Legal research, trial preparation along with drafting numerous fee applications, petitions, proofs of claim, notices, motions and discovery. Cynthia is a member of Orange County Legal Secretary Association (OCLSA).

**KATHLEEN FREDERICK**, Experience: Mrs. Frederick is a Junior Paralegal with Marshack Hays Wood LLP. Mrs. Frederick graduated from the University of California, Los Angeles in 2008 with a bachelor's degree in English. She obtained her Paralegal Certificate from Coastline Community College's ABA accredited program in May of 2018. She has been working with the firm for more than five years and has over ten years legal experience. Mrs. Frederick is a member of the Orange County Paralegal Association and the National Association of Legal Assistants.

Billing Rates:

| Partners | Rates | Of Counsel | Rates | Paralegals | Rates |
|---|---|---|---|---|---|
| Richard A. Marshack | $690 | Kristine A. Thagard | $590 | Pamela Kraus | $290 |
| D. Edward Hays | $690 | Matthew W. Grimshaw | $590 | Chanel Mendoza | $290 |
| David A. Wood | $550 | Chad V. Haes | $550 | Layla Buchanan | $290 |
| Laila Masud | $460 | **Associates** | **Rates** | Cynthia Bastida | $290 |
|  |  | Tinho Mang | $430 | Kathleen Frederick | $260 |
|  |  | Bradford N. Barnhardt | $360 |  |  |
|  |  | Sarah R. Hasselberger | $340 |  |  |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: **CHAPTER 7 TRUSTEE APPLICATION TO EMPLOY MARSHACK HAYS WOOD LLP AS GENERAL COUNSEL; DECLARATIONS OF ARTURO M. CISNEROS AND D. EDWARD HAYS IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **December 14, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **CHAPTER 7 TRUSTE ARTURO CISNEROS (TR):** Arturo Cisneros (TR) amctrustee@mclaw.org, acisneros@iq7technology.com; ecf.alert+Cisneros@titlexi.com
- **ATTORNEY FOR DEBTOR SHAMICKA LAWRENCE:** Marc A Lieberman marc.lieberman@flpllp.com, safa.saleem@flpllp.com, addy@flpllp.com
- **US TRUSTEE:** United States Trustee (RS) ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **December 14, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR**
SHAMICKA LAWRENCE
11364 ESTATES COURT
RIVERSIDE, CA 92503

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **December 14, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

PURSUANT TO THE CENTRAL GUIDE SUPPLEMENT TO LBR 5005-2(d), SERVING A JUDGE'S COPY OF DOCUMENTS, §2.2(c), A NON-HEARING MOTION WHEN THE RESPONSE DEADLINE HAS NOT PASSED SHOULD NOT BE SERVED UPON THE JUDGE.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 14, 2023 | Chanel Mendoza | */s/ Chanel Mendoza* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

4885-9659-6631, v. 1

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012 **F 9013-3.1.PROOF.SERVICE**