D. EDWARD HAYS, #162507
ehays@marshackhays.com
TINHO MANG, #322146
tmang@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee,
ARTURO M. CISNEROS

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

| In re | Case No. 6:23-bk-15163-WJ |
|---|---|
| SHAMICKA LAWRENCE, | Chapter 7 |
| Debtor. | STIPULATION REGARDING MARKETING OF CO-OWNED REAL PROPERTY |
| | [NO HEARING REQUIRED] |

TO THE HONORABLE WAYNE JOHNSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

This stipulation is entered into between Arturo M. Cisneros, in his capacity as the duly appointed and acting Chapter 7 trustee ("Trustee") for the bankruptcy estate ("Estate") of Shamicka Lawrence ("Debtor"), and Robert Lawrence, solely in his capacity as trustee of The Lawrence Children's Trust u/t/a dated May 6, 2014 ("Children's Trust" and collectively with Trustee, the "Parties"), regarding the following:

**Recitals**

A.  On November 3, 2023, Debtor filed a voluntary petition under Chapter 7 of Title 11 the United States Code commencing the above-captioned Bankruptcy Case. Arturo M. Cisneros is the duly appointed and acting Chapter 7 Trustee of the Estate.

B.  Debtor and the Children's Trust are 50% title co-owners of real property commonly known as 11364 Estates Court, Riverside, CA 92503 ("Property").

C.  The beneficiaries of the Children's Trust are Debtor's adult daughters.

D. On January 30, 2024, as Docket No. 39, Trustee filed an application to employ Brian Thompson of Winterstone Real Estate and Development as the Estate's real estate broker ("Broker Application").

E. On February 14, 2024, as Docket No. 45, Trustee filed a stipulation between the Parties regarding the Children's Trust's nonconsent to Trustee commencing any marketing efforts for the Property, and providing terms between the Parties with respect to the Broker Application.

F. On March 1, 2024, the Parties conferred via videoconference and the Children's Trust provided written confirmation that it consented to Trustee beginning to market the Property for sale.

G. Trustee has informed the Children's Trust and Debtor that he intends on seeking the best and highest price for the Property, and to market the Property in a commercially reasonable manner, and to conduct a sale process for the Property to maximize its value, including that any offer to purchase the Property shall be expressly subject to overbid, and final approval by the Court.

H. On March 22, 2024, the Property was listed for $1,895,000.

I. Previously, on November 9, 2023, the Children's Trust paid the entire amount of the first installment of property tax due for the Property, in the amount of $9,581.34. An additional payment of $9,581.34 is due on April 10, 2024.

The Parties agree and STIPULATE as follows:

1. The Children's Trust consents to Trustee making commercially reasonable efforts to market the Property for sale. The Children's Trust shall not unreasonably restrict, during normal business hours, access to the Property by the Trustee and Trustee's agents, provided that Trustee provides the Children's Trust at least 48 hours' written notice.

2. The Children's Trust agrees that Trustee shall not be required to file an adversary proceeding to seek permission to sell the Property, subject to the terms of this Stipulation, and, solely for the purposes of facilitating an efficient process for maximizing the value of the Property and avoiding unnecessary adversary litigation, waives the procedural requirement of FRBP 7001(3) with respect to Trustee's efforts to administer the Property.

3.  The Children's Trust does **not**, by execution of this Stipulation, consent to the sale of the Property. The Children's Trust retains all rights to oppose a motion for sale of the Property by Trustee, and all other rights under 11 U.S.C. § 363 of a co-owner of the Property.

4.  Prior to filing a motion seeking authority to sell the Property, Trustee shall provide the Children's Trust with a copy of any offer accepted by Trustee, and the Children's Trust, as co-owner of the Property, retains its rights to accept or reject any such offer on behalf of the Children's Trust.

5.  While reserving all rights as stated in Paragraph 3 above, the Children's Trust agrees that in the event that the Court approves a sale of the Property, the proceeds of the Property shall be allocated and paid as follows:

    a.  First, to pay all outstanding and pro-rated real property taxes and documentary transfer taxes concerning the Property;

    b.  Second, to pay all actual and commercially reasonable costs of sale, including but not limited to escrow fees, broker's/agent's fees, recording fees, and title insurance fees. The Parties agree that their respective professional fees, including attorney fees and accounting fees, and the Trustee's fee/compensation are not a cost of sale;

    c.  Third, the Children's Trust shall be entitled to a credit and reimbursement out of escrow in the amount of $4,790.67, representing one-half of the post-petition property taxes paid by the Children's Trust – and to the extent that the Children's Trust actually pays the April 2024 property tax payment, the Children's Trust shall be granted an additional credit and reimbursement equal to one-half of the property tax payment actually made;

    d.  Fourth, after paying items 5(a)-5(c) from the gross proceeds of the sale, that the remaining proceeds shall be evenly divided between the Estate and the Children's Trust, with the Children's Trust to receive, upon close of escrow, immediate payment of its portion out of escrow without any other deduction, setoff, or holdback except as expressly stated in this Stipulation or any further order by the Court; and

e. Fifth, the Parties shall each be responsible for any respective capital gains or other taxes, if any, which may arise from their portion of the proceeds from the sale of the Property. For the avoidance of doubt, the Children's Trust does not consent to the payment or allocation of any attorneys' fees or Trustee's statutory compensation being paid as a cost of sale under Paragraph 5(b), nor any such allocation to the detriment of its one-half portion under Paragraph 5(d), in connection with any sale and close of escrow. Nothing in this paragraph constitutes an objection by the Children's Trust to the payment of professional fees out of the Estate's portion of Property proceeds.

6. The Children's Trust agrees that in the event that Trustee files a motion to sell the Property, it shall vacate the Property no later than the date of the hearing on Trustee's motion to sell the Property. Additionally, the Children's Trust agrees that it shall not (to the extent of its 50% ownership of the Property) grant permission to any third parties to occupy the Property, including specifically the Debtor, the Debtor's brother Donnell Gibbs, and the Debtor's mother Susan Gibbs. If the Children's Trust is the successful purchaser of the Property, this paragraph shall not apply.

7. The Parties agree that the United States Bankruptcy Court for the Central District of California, Riverside Division shall have exclusive authority to interpret, enforce, and resolve any disputes arising from this Stipulation.

8. This Stipulation may be executed in one or more counterparts and facsimile or electronic signatures may be used in filing this document with the Court.

Dated: April 10, 2024

JEFFER MANGELS BUTLER & MITCHELL LLP

By: _____
THOMAS M. GEHER
Attorneys for Robert Lawrence, Trustee of the
LAWRENCE CHILDREN'S TRUST U/T/A
MAY 6, 2014

Dated: April 10, 2024

By: _____
ARTURO M. CISNEROS
Chapter 7 Trustee

4
STIPULATION FOR TURNOVER OF REAL PROPERTY

4856-9108-8511.v.1/1004-029

1 | Presented By:  MARSHACK HAYS WOOD LLP

2 | Dated: April 11, 2024

By: /s/ Tinho Mang
D. EDWARD HAYS
TINHO MANG
Attorneys for Chapter 7 Trustee
ARTURO M. CISNEROS

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: **STIPULATION REGARDING MARKETING OF CO-OWNED PROPERTY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 11, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2**. **SERVED BY UNITED STATES MAIL**: On **April 11, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR**
SHAMICKA LAWRENCE
11364 ESTATES COURT
RIVERSIDE, CA 92503-0639

**INTERESTED PARTY**
ALL OCCUPANTS AND/OR TENANTS
OCCUPYING THE REAL PROPERTY
LOCATED AT:
11364 ESTATES COURT
RIVERSIDE, CA 92503-0639

☐ Service information continued on attached page

**3**. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **April 11, 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA OVERNIGHT MAIL:**
HONORABLE WAYNE JOHNSON
UNITED STATES BANKRUPTCY COURT
3420 Twelfth Street, Suite 384 / Courtroom 304
Riverside, CA 92501-3819

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 11, 2024 | Chanel Mendoza | /s/ Chanel Mendoza |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                F 9013-3.1.PROOF.SERVICE

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **TRUSTEE: Arturo Cisneros (TR)**    amctrustee@mclaw.org, acisneros@iq7technology.com;ecf.alert+Cisneros@titlexi.com
- **ATTORNEY FOR DEBTOR: Alan W Forsley**    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com
- **ATTORNEY FOR ROBERT LAWRENCE, TRUSTEE OF THE LAWRENCE CHILDREN'S TRUST UTA MAY 6, 2014: Thomas M Geher**    tmg@jmbm.com, bt@jmbm.com;tmg@ecf.courtdrive.com
- **ATTORNEY FOR INTERESTED PARTY MASSAGE ENFY FRANCHISING: Eric D Goldberg**    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **ATTORNEY FOR TRUSTEE: D Edward Hays**    ehays@marshackhays.com, ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **ATTORNEY FOR DEBTOR: Marc A Lieberman**    marc.lieberman@flpllp.com, safa.saleem@flpllp.com,addy@flpllp.com
- **ATTORNEY FOR TRUSTEE: Tinho Mang**    tmang@marshackhays.com, tmang@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com
- **U.S. TRUSTEE: United States Trustee (RS)**    ustpregion16.rs.ecf@usdoj.gov


4887-4143-3526, v. 1

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                    F 9013-3.1.PROOF.SERVICE