United States Bankruptcy Court

Central District of California

| | |
|---|---|
| In re: | Case No. 23-15163-WJ |
| Shamicka Lawrence | Chapter 7 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0973-6 | User: admin | Page 1 of 2 |
| Date Rcvd: Jun 04, 2024 | Form ID: pdf042 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+         Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 06, 2024:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Shamicka Lawrence, 11364 Estates Court, Riverside, CA 92503-0639 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 06, 2024                    Signature:           /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 4, 2024 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Alan W Forsley | on behalf of Interested Party Courtesy NEF alan.forsley@flpllp.com  awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com |
| Arturo Cisneros (TR) | amctrustee@mclaw.org  acisneros@iq7technology.com;ecf.alert+Cisneros@titlexi.com |
| Chad L Butler | on behalf of Creditor U.S. Bank National Association caecf@tblaw.com |
| D Edward Hays | on behalf of Trustee Arturo Cisneros (TR) ehays@marshackhays.com ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com |
| Daren M Schlecter | on behalf of Interested Party Courtesy NEF daren@schlecterlaw.com  assistant@schlecterlaw.com |
| Eric D Goldberg | on behalf of Interested Party Massage Envy Franchising  LLC eric.goldberg@dlapiper.com, |

| | | |
|---|---|---|
| District/off: 0973-6 | User: admin | Page 2 of 2 |
| Date Rcvd: Jun 04, 2024 | Form ID: pdf042 | Total Noticed: 1 |

eric-goldberg-1103@ecf.pacerpro.com

Marc A Lieberman
   on behalf of Debtor Shamicka Lawrence marc.lieberman@flpllp.com  safa.saleem@flpllp.com,addy@flpllp.com

Thomas M Geher
   on behalf of Interested Party Courtesy NEF tmg@jmbm.com  bt@jmbm.com;tmg@ecf.courtdrive.com

Tinho Mang
   on behalf of Trustee Arturo Cisneros (TR) tmang@marshackhays.com
   tmang@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com

United States Trustee (RS)
   ustpregion16.rs.ecf@usdoj.gov

TOTAL: 10

D. EDWARD HAYS, #162507
ehays@marshackhays.com
TINHO MANG, #322146
tmang@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee,
Arturo M. Cisneros

**FILED & ENTERED**

JUN 04 2024

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gooch    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re: | Case No. 6:23-bk-15163-WJ |
| SHAMICKA LAWRENCE, | CHAPTER 7 |
| Debtor. | **SALE ORDER** |
| | Hearing:<br>Date:  May 21, 2024<br>Time:  1:00 p.m.<br>Ctrm:  304 |

On May 21, 2024 at 1:00 p.m., the Court held a hearing the motion of Arturo Cisneros ("Trustee"), the chapter 7 trustee for the bankruptcy estate of Shamicka Lawrence, entitled "Trustee's Motion for Order Authorizing Sale of Real Property: (a) Outside the Ordinary Course of Business; (b) Free and Clear of Liens; (c) Subject to Overbids; and (d) for Determination of Good Faith Purchaser Under § 363(m); Memorandum of Points and Authorities; Declarations of Arturo M. Cisneros and Brian Thompson in Support" ("Motion") filed on April 24, 2024 as docket #73 regarding the sale of real property located at and commonly known as 11364 Estates Court, Riverside, California 92503 ("Property").[1] All appearances were noted on the record. No overbidders appeared.

The Court having considered the Motion and related pleadings, no opposition having been filed and for the reasons set forth in the Motion and as stated by the Court on the record during the hearing, the Court hereby ORDERS as follows:

1. The Motion is granted. The Trustee is authorized to sell the Property pursuant to 11 U.S.C. § 363(b) and is further authorized to pay, pursuant to demands submitted to escrow, all unpaid and outstanding ad valorem property taxes.

2. The Trustee is authorized to sign all documents reasonably necessary to consummate the sale and close escrow, including, but not limited to, the purchase and sale agreement, quitclaim deed and escrow instructions.

---

[1] The legal description for the Property is believed to be: THE LAND REFERRED TO HEREIN IS SITUATED IN THE COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

LOT 8 OF TRACT NO. 30725, IN THE COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS SHOWN BY MAP ON FILE IN BOOK 375, PAGES 45 THROUGH 48, INCLUSIVE, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM AN UNDIVIDED ONE HALF INTEREST IN AND TO ALL OIL, GAS, PETROLEUM, NAPTHA AND OTHER HYDROCARBON SUBSTANCES AND MINERALS OF WHATSOEVER KIND, RESERVED IN DEED FROM THE FEDERAL LAND BANK OF BERKLEY RECORDED JUNE 3, 1994 IN BOOK 624, PAGE 559, OFFICIAL RECORDS, RIVERSIDE COUNTY RECORDS.

EXCEPT ALL MINERALS, OIL, GAS AND OTHER HYDROCARBON SUBSTANCES BELOW A DEPTH OF 500.00 FEET FROM THE SURFACE OF SAID LAND, WITHOUT THE RIGHT OF SURFACE ENTRY, AS SAID SUBSTANCES ARE MORE PARTICULARLY DESCRIBED IN AND RESERVED BY CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, A UTAH CORPORATION SOLE, IN THE DOCUMENT RECORDED ON JUNE 6, 2003 AS 2003-410157, OFFICIAL RECORDS.

ASSESSOR'S PARCEL NUMBER: 136-050-035.

3. The Trustee is authorized to pay all customary costs of sale out of escrow and a broker's commission equal to 5% of the sale price, to be divided between seller's broker and buyer's broker according to customary practices. The Trustee may also pay to the debtor the exempt proceeds of sale.

4. The stipulation filed as docket #68 is approved, and the Trustee is authorized to make distributions in accordance with its terms including, but not limited to, payments to the Lawrence Children's Trust U/T/A May 6, 2014 ("Trust").

5. Pursuant to 11 U.S.C. § 363(h), and consent by the Trust, the Trustee is authorized to sell the entire Property, including all interests of the Trust in the Property.

6. The sale is in the best interest of the estate.

7. The buyers, Jonathan P. Alarcon and Cindy Herrera, are deemed good faith purchasers entitled to protection under 11 U.S.C. § 363(m).

8. The sale of the Property shall be "as-is" and "where-is" with all faults and without warranty, representation, or recourse whatsoever.

9. The fourteen day stay regarding the effectiveness of this order is waived.

10. As agreed in the Motion and on the record at the hearing, not less than 40% of the net proceeds of sale (after payment of all closing costs, escrow fees, broker's commission, valid secured liens, exemptions, if any, and other customary sale expenses) shall be used to pay non-administrative creditors in this case. Up to 60% of the net proceeds of sale ("Admin. Portion") may be used to pay the Trustee's fee for selling the Property and all attorney's fees, accounting fees and other professional expenses associated with the recovery, administration and sale of the Property. To the extent that the Admin. Portion is insufficient to pay all of the Trustee's fees arising from the sale of the Property or other administrative costs (such as attorney's fees and costs or accounting fees arising from the recovery, administration and sale of the Property), such Trustee fees, attorneys' fees and professional expenses are deemed waived and shall not be paid from any other property of the estate.

11. This Court retains jurisdiction: (a) to interpret, enforce, and implement the terms and provisions of this sale; and (b) to resolve any disputes arising under or related to this order.

IT IS SO ORDERED.

###

Date: June 4, 2024

Wayne Johnson
United States Bankruptcy Judge