PETER C. ANDERSON
UNITED STATES TRUSTEE
ABRAM S. FEUERSTEIN, SBN 133775
ASSISTANT UNITED STATES TRUSTEE
EVERETT L. GREEN, SBN 237936
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
3801 University Avenue, Suite 720
Riverside, CA 92501-2804
Telephone:     (951) 276-6990
Facsimile:      (951) 276-6973
Email:            Everett.L.Green@usdoj.gov

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### RIVERSIDE DIVISION

In re:

SHAMICKA LAWRENCE,

            Debtor.

Case No. 6:23-bk-15163-WJ

CHAPTER 7

**DECLARATION OF EVERETT L. GREEN IN SUPPORT OF STIPULATION BETWEEN UNITED STATES TRUSTEE AND DEBTOR TO PRODUCE DOCUMENTS AND CONDUCT AN EXAMINATION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 AND LOCAL BANKRUPTCY RULE 2004-1**

[No Hearing Required Pursuant to LBR 9013-1(p)]

I, Everett L. Green, hereby declare:

1.    I am an attorney duly authorized to practice law in the State of California and before this Court. I serve as a Trial Attorney to the United States Trustee for Region 16, Riverside District Office. I submit this declaration in support of the stipulation between U.S. Trustee and Chapter 7 debtor, Shamicka Lawrence ("Debtor" and collectively, "Parties"), to produce documents and conduct an examination pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Bankruptcy Rule of Procedure 2004-1 ("Stipulation").

2. The docket indicates that on November 3, 2023, the Debtor filed a Chapter 7 petition and case commencement documents.

3. According to Schedule A/B and documents produced to the U.S. Trustee, the Debtor is the owner and/or holds interests in multiple entities that received in 2022 approximately $1.9 million in pre-petition Coronavirus Disease 2019 disaster assistance loans. Many of the Debtor's entities are now closed and/or defunct.

4. The U.S. Trustee wishes to examine the Debtor regarding her pre-petition transactions. According to the petition, the Debtor's address is 11364 Estate Court, Riverside, California 92503. Schedule I indicates that the Debtor is employed by her company, Joyfully Gifted, Inc. out of her home address.

5. In accordance with Local Bankruptcy Rule 2004-1(a), prior to filing this Stipulation, on or about April 22, 2024, the U.S. Trustee's Counsel met and conferred with the Debtor's Counsel by telephone to discuss the examination. The Parties subsequently agreed to a date, time, place, and scope of the production and examination.

6. An examination under Federal Rule of Bankruptcy Procedure 2004 is necessary because the meeting of creditors has concluded and the U.S. Trustee wishes to continue his examination.

7. The Parties agreed to a document request. A true and correct copy of the document request is attached hereto as ***Exhibit 1***.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on June 10, 2024, at Riverside, California**.**

*Everett L. Green*
Everett L. Green

# Exhibit 1

# DOCUMENT REQUEST

## DEFINITIONS

A. "DOCUMENT" or "DOCUMENTS" is used in the broadest sense possible and includes, without limitation, the following items, whether printed, recorded or reproduced by any other mechanical process or written or produced by hand: billing statements, invoices, fee statements, any and all requests for payment, papers; books; letters; tangible things; records; correspondence; e-mails; electronic COMMUNICATIONS; postings on the Internet; telegrams; cables; telex messages; memoranda; diaries; reports; notes; notations; work papers; financial records; COMMUNICATIONS; summaries; transcripts; records of conversations; interviews; meetings; telephone conversations or conferences; minutes; audio or videotapes; cassettes or disks; contracts; agreements; business records; books of account; ledgers; journals; checks, receipts; invoices; financial statements; and any writings as defined by Rule 1001 of the Federal Rules of Evidence. DOCUMENTS also means and includes bank statements, monthly checking and saving account statements, deposit slips, withdrawals, cancelled checks, pay advices, pay check stubs and invoices, tax returns and reports sent to the Internal Revenue Service, the California Franchise Tax Board or the taxing authority of any state where the DEBTOR resides, all documents purporting to create liens, mortgages, security agreements, pledges, or other encumbrances on real or personal property, any lists of real property owned or leased.

B. "COMMUNICATION" means and includes all oral and written communications of any nature, type, or kind, including, but not limited to, any DOCUMENTS, telephone conversations, discussions, meetings, facsimiles, e-mails, memoranda, and any other medium through which any information is conveyed, transmitted, or memorialized.

C. "CONCERNING" means and includes, relating to, regarding, bearing upon, supporting, summarizing, alluding to, depicting, involving, constituting, defining, evidencing, mentioning, containing, describing, discussing, embodying or in any way pertaining to.

D. "YOU" or "YOUR" means Shamicka Lawrence as well as each person, agent, representative, servant, employee, attorney, or accountant acting or purporting to act on YOUR behalf.

E.  "TRANSFEROR" means Iyanna Lawrence as well as each person, agent, representative, servant, employee, attorney, or accountant acting or purporting to act on her behalf.

F.  "ENTITIES" means the Lawrence-Related Entities reported on Attachment B19 of Schedule A/B and any other entity owned or controlled by YOU or in which YOU held an ownership interest from 2017 to 2023.

G.  "PRE-PETITION TRANSFER" means the transfer of $1.9 million to the TRANSFEROR from the Joyfully Gifted, Inc. bank account on June 20, 2022.

**INSTRUCTIONS**

A.  Each request contained herein extends to any DOCUMENTS in YOUR possession, custody, or control. A DOCUMENT is deemed to be in YOUR possession, custody, or control, (1) if it is in YOUR physical custody, or (2) if it is in the physical custody of any other entity and YOU have a right by contract, statute, or law to inspect, examine, request, or copy such DOCUMENT on any terms. Such DOCUMENTS shall include, without limitations, DOCUMENTS that are in the custody of YOUR attorneys or other agents.

B.  When responding to the demand for production of a DOCUMENT, YOU are requested to respond in writing and state as to each of the Requests for Production;

    (i)  that there are such DOCUMENTS, and they will be produced;

    (ii) that there are such DOCUMENTS, that they have been already produced and identify the documents that have been produced;

    (iii) that there are such DOCUMENTS, but you refuse to produce them because of a claim of privilege, or for some other reason; or

    (iv) that there are no such DOCUMENTS as requested by the particular request.

C.  If a claim of privilege is asserted as to the production of any DOCUMENT which falls within the Requests for Production specified below, please state as to each DOCUMENTS the following information:

    (i)  the privilege claimed;

    (ii) the basis of the privileged claimed;

    (iii) the nature of the DOCUMENT, e.g., letter, bank statement, etc.;

    (iv) the date the DOCUMENT bears;

   (v) the identity of each individual or entity to whom the DOCUMENT was sent and/or who are shown to the DOCUMENT as receiving copies;

   (vi) a statement of the subject matter of the DOCUMENT; and

   (vii) a precise description of the place where the DOCUMENT is presently kept.

 D. If any DOCUMENT requested is unavailable or destroyed, list each such DOCUMENT and describe when and why it was destroyed, or why it is unavailable.

 E. If a DOCUMENT exists only within the memory of a computer or computer disc, a copy of that data should be produced in machine-readable form, and a "hard" copy of the DOCUMENT should be printed and produced.

 F. Wherever used herein, the singular shall include the plural and vice versa, whenever such construction results in a broader request for information.

 G. The words "and", "or", and "and/or" are interchangeable and shall be construed either disjunctively or conjunctively or both, as broadly necessary to bring within the scope of these Requests for Production those responses that might otherwise by construed to be outside the scope.

**REQUEST FOR PRODUCTION**

1. All DOCUMENTS of loans or funds borrowed from the TRANSFEROR to YOU from 2017 to 2024.

2. All DOCUMENTS CONCERNING loans or funds borrowed from the TRANSFEROR to the ENTITIES from 2017 to 2024.

3. All COMMUNICATIONS between YOU and the TRANSFEROR CONCERNING loans or funds borrowed from the TRANSFEROR from 2017 to 2024.

4. All COMMUNICATIONS between YOU and third parties, including The Lawrence Children's Trust u/t/a dated May 6, 2014, CONCERNING loans or funds borrowed from the TRANSFEROR from 2017 to 2024.

5. All DOCUMENTS CONCERNING how YOU spent the proceeds borrowed from the TRANSFEROR from 2017 to 2024.

6. All DOCUMENTS CONCERNING how the ENTITIES spent the proceeds borrowed from the TRANSFEROR from 2017 to 2024.

7. All DOCUMENTS CONCERNING repayment of the loans or funds borrowed from the TRANSFEROR by YOU from 2017 to 2024.

8. All DOCUMENTS CONCERNING repayment of the loans or funds borrowed from the TRANSFEROR by the ENTITIES from 2017 to 2024.

9. All COMMUNICATIONS between YOU and the TRANSFEROR CONCERNING repayment of the loans or funds borrowed from the TRANSFEROR from 2017 to 2024.

10. All COMMUNICATIONS between YOU and third parties, including The Lawrence Children's Trust u/t/a dated May 6, 2014, CONCERNING repayment of the loans or funds borrowed from the TRANSFEROR from 2017 to 2024.

11. All COMMUNICATION between YOU and third parties, including The Lawrence Children's Trust u/t/a dated May 6, 2014, CONCERNING repayment of the loans or funds borrowed from the TRANSFEROR by the ENTITIES from 2017 to 2024.

12. All DOCUMENTS CONCERNING demands or request for repayment of loans or funds borrowed from the TRANSFEROR from 2017 to 2024.

13. All COMMUNICATIONS CONCERNING demands or request for repayment of loans or funds borrowed from the TRANSFEROR from 2017 to 2024.

14. All DOCUMENTS relating to the PRE-PETITION TRANSFER.

15. All COMMUNICATIONS between YOU and the TRANSFEROR regarding the PRE-PETITION TRANSFER.

16. All COMMUNICATIONS between YOU and third parties, including The Lawrence Children's Trust u/t/a dated May 6, 2014, regarding the PRE-PETITION TRANSFER.

17. All DOCUMENTS CONCERNING YOUR financial condition from 2017 to 2024.

18. All DOCUMENTS CONCERNING the financial condition of the ENTITIES, including but not limited to cash flow statements, balance sheets, profit and loss statements, of the ENTITIES from 2017 to 2024.

19. State and federal tax returns for YOU from 2017 to 2024.

20. State and federal tax returns for the ENTITIES FROM 2017 to 2024.

21. All loan applications or requests for credit by YOU from 2017 to 2024.

22. All DOCUMENTS of loans or funds granted by the Small Business Administration, including but not limited to the Paycheck Protection Program and COVID-19 Economic Injury Disaster Loans, to the ENTITIES.

23. All DOCUMENTS of agreements to repay loans or funds granted by the Small Business Administration, including but not limited to the Paycheck Protection Program and COVID-19 Economic Injury Disaster Loans, to the ENTITIES.

24. All DOCUMENTS CONCERNING how the ENTITIES used the proceeds of loans or funds granted by the Small Business Administration, including but not limited to the Paycheck Protection Program and COVID-19 Economic Injury Disaster Loans.

25. All COMMUNICATIONS CONCERNING how the ENTITIES used the proceeds of loans or funds granted by the Small Business Administration, including but not limited to the Paycheck Protection Program and COVID-19 Economic Injury Disaster Loans.

26. All DOCUMENTS CONCERNING repayment of loans or funds granted by the Small Business Administration, including but not limited to the Paycheck protection Program and COVID-19 Economic Injury Disaster Loans, to the ENTITIES.

27. All COMMUNICATIONS between YOU and third parties CONCERNING repayment of loans or funds granted by the Small Business Administration, including but not limited to the Paycheck protection Program and COVID-19 Economic Injury Disaster Loans, to the ENTITIES.

28. All COMMUNICATIONS between YOU and the TRANSFEROR CONCERNING repayment of loans or funds granted by the Small Business Administration, including but not limited to the Paycheck Protection Program and COVID-19 Economic Injury Disaster Loans, to the ENTITIES.

29. All DOCUMENTS CONCERNING a demand or request for repayment of loans or funds by the Small Business Administration borrowed from the TRANSFEROR.

30. All COMMUNICATIONS CONCERNING a demand or request for repayment of loans or funds borrowed from the TRANSFEROR.

31. All DOCUMENTS of payments to Axis Wealth management Services, LL Co or any other third-party CONCERNING services for loans offered by the Small Business Administration.

32. Credit card statements and/or charge account held, used, or maintained by YOU individually and/or jointly with any other or others, or any other accounts YOU were or are authorized to charge purchases to the accounts of another person or entity (regardless of whether or not the account or accounts have been closed), from 2020 to 2024.

33. Credit card statements and/or charge account held, used, or maintained by YOU individually and/or jointly with any other or others, or any other accounts YOU were or are authorized to charge purchases to the accounts of another person or entity (regardless of whether or not the account or accounts have been closed), for the ENTITIES from 2020 to 2024.

34. Bank account statements, including cancelled checks, for all accounts reported on Schedule A/B, and any account that YOU owned, controlled, held interests, or signatory authority from 2017 to 2024.

35. Bank account statements, including cancelled checks, owned by the ENTITIES from 2017 to 2024.

36. Federal and state tax returns filed by the ENTITIES from 2017 to 2023, including W-2 forms, 1099 forms, all schedules, and any other forms related to income.

37. Federal and state tax returns filed by YOU from 2017 to 2023, including W-2 forms, 1099 forms, all schedules, and any other forms related to income.

38. All pleadings, motions, and a copy of the register of actions for any lawsuits, court actions, or administrative proceedings filed against YOU or the ENTITIES from 2020 to 2024.

39. All DOCUMENTS of loans or funds borrowed from Glen March and Strategem Investments, LLC.

40. All COMMUNICATIONS between YOU and third parties CONCERNING loans or funds borrowed from Glen March and/or Strategem Investments, LLC.

41. All DOCUMENTS CONCERNING how YOU or the ENTITIES spent the proceeds of loans or funds borrowed from Glen March and/or Strategem Investments, LLC.

42. All COMMUNICATIONS between YOU and third parties CONCERNING loans or funds borrowed from Glen March and/or Strategem Investments, LLC.

43. All DOCUMENTS CONCERNING repayment of the loans or funds borrowed from Glen March and/or Strategem Investments, LLC.

44. All COMMUNICATIONS between the DEBTOR and third parties CONCERNING loans or funds borrowed from Glen March and/or Strategem Investments, LLC.

45. All DOCUMENTS CONCERNING a demand or request for repayment of loans or funds borrowed from Glen March and/or Strategem Investments, LLC.

46. All COMMUNICATIONS CONCERNING a demand or request for repayment of loans or funds borrowed from Glen March and/or Strategem Investments, LLC.

###