| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **TIFFANY & BOSCO** P.A.<br>CHAD L. BUTLER (SBN 270888)<br>clb@tblaw.com<br>1455 Frazee Road, Suite 820<br>San Diego, CA 92108<br>Tel.: (619) 501-3503<br><br>☐ *Movant appearing without an attorney*<br>☒ *Attorney for Movant* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION**

| In re:<br><br>Shamicka Lawrence aka Shamicka Gibbs,<br><br>Debtor. | CASE NO.: 6:23-bk-15163-WJ<br>CHAPTER: 7 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>(with supporting declarations)<br>**(PERSONAL PROPERTY)** |
| | DATE: August 29, 2024<br>TIME: 10:00 a.m.<br>COURTROOM: 304 |
| Movant: U.S. Bank National Association | |

1. **Hearing Location:**
   ☐ 255 East Temple Street, Los Angeles, CA 90012        ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367    ☐ 1415 State Street, Santa Barbara, CA 93101
   ☒ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*) (Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached motion.

3. To file a response to the motion, you may obtain an approved court from at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.R.F.S. RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page    1                          F 4001-1.RFS.PP.MOTION

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file a written response to this motion with the court and serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the hearing and appear at the hearing of this motion.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a written response no later than (date) _____ and (time) _____; and, you may appear at the hearing

   a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☐ An application for order setting hearing on shortened notice was filed and remains pending.  After the court rules on that application, you will be served with another notice or an order the specifies the date, time and place of the hearing on the attached Motion and the deadline for filing and servicing a written opposition to the motion.

Date: <u>August 1, 2024</u>

<u>Tiffany & Bosco, P.A.</u>
Printed name of law firm (if applicable)

<u>Chad L. Butler (SBN 270888)</u>
Printed name of individual Movant or attorney for Movant

<u>/s/ Chad L. Butler</u>
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page    2                              F 4001-1.RFS.PP.MOTION

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO PERSONAL PROPERTY

**1.**   Movant has a perfected security interest in the Property.

**2.**   **The Property at issue (Property):**

    a.   ☒ Vehicle *(year, manufacturer, type and model):* 2022 TESLA MODEL X

    *Vehicle Identification Number:* 7SAXCBE63NF350619
    *Location of Vehicle (if known):*

    b.   ☐ Equipment *(manufacturer, type, and characteristics):*

    *Serial number(s):*

    *Location (if known):*

    c.   ☐ Other Personal Property *(type, identifying information, and location)*:

**3.**   **Bankruptcy Case History:**

    a.   A ☒ voluntary bankruptcy petition ☐ An involuntary bankruptcy petition
    under chapter ☒ 7 ☐ 11 ☐ 12 ☐ 13 was filed on (date) November 3, 2023.

    b.   ☐ An order to convert this case to chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13 was entered on (date) _____.

    c.   ☐ Plan was confirmed on (date) _____.

**4.**   **Grounds for Relief from Stay:**

    a.   ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant the requested relief from stay as follows:

    (1)   ☒ Movant's interest in the Property is not adequately protected.

        (A)   ☒ Movant's interest in the Property is not protected by an adequate equity cushion.

        (B)   ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

        (C)   ☐ Proof of insurance regarding the Property has not been provided to Movant despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

        (D)   ☐ Other (*see attached continuation page*).

    (2)   ☐ The bankruptcy case was filed in bad faith.

        (A)   ☐ Movant is the only creditor, or one of very few creditors, listed on the Debtor's case commencement documents.
        (B)   ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

        (C)   ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

        (D)   ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

        (E)   ☐ The Debtor filed only a few case commencement documents with the bankruptcy petition. Schedules and statement of financial affairs (or Chapter 13 plan, if appropriate) have not been filed.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014    Page   3    F 4001-1.RFS.PP.MOTION

    (3) ☐ (*Chapter 12 or 13 cases only*)  All payment on account of the Property are being made through the plan and plan payments have not been made to the chapter 12 or chapter 13 trustee for payments due

        ☐ postpetition preconfirmation.  ☐ postpetition postconfirmation.

    (4) ☐ The lease has matured, been rejected or deemed rejected by operation of law.

    (5) ☐ The Debtor filed a Statement of Intentions that indicates the Debtor intends to surrender the Property.

    (6) ☐ Movant regained possession of the Property on (date) _____, which is

        ☐ prepetition ☐ postpetition.

    (7) ☒ For other cause for relief from stay, see attached continuation page.

  b. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to 11 U.S.C. § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

5. **Grounds for Annulment of the Stay.**  Movant took postpetition actions against the Property or the Debtor.

  a. ☐ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from the stay to proceed with these actions.

  b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions,

  c. ☐ Other (*Specify*):

6. **Evidence in Support of Motion: (Declaration(s) MUST be signed under penalty of perjury and attached to this motion)**

  a. ☒ The PERSONAL PROPERTY DECLARATION on page ~~6~~ 7 of this motion.

  b. ☐ Supplemental declaration(s)

  c. ☒ The statements made by the Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in Debtor's case commencement documents. Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit(s) 3.

  d. ☐ Other:

7. ☐ **An optional Memorandum of Points and Authorities is attached to this motion.**

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                            Page    4                                            **F 4001-1.RFS.PP.MOTION**

**Movant requests the following relief:**

1. Relief from stay is granted under: ☒ 11 U.S.C. §362(d)(1) ☒ 11 U.S.C. §362(d)(2)

2. ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to repossess and sell the Property.

3. ☐ Confirmation that there is no stay in effect.

4. ☐ The stay is annulled retroactive to the petition date. Any postpetition actions taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

5. ☐ The co-debtor stay of 11 U.S.C. §1201(a) or §1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

6. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

7. ☐ The order is binding in any other bankruptcy case purporting to affect the Property filed not later than 2 years after the date of entry of such order, except that a debtor is a subsequent case may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

8. ☐ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

9. ☐ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days, so that no further stay shall arise to that case as to the Property.

10. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be

    ☐ without further notice, or ☐ upon recording a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐ If relief from stay is not granted, the court orders adequate protection.

12. ☐ See attached continuation page for other relief requested.

Date: August 1, 2024

Tiffany and Bosco, P.A.
Print name of law firm

Chad L. Butler (SBN 270888)
Print name of individual Movant or attorney for Movant

/s/ Chad L. Butler
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014    Page 5    F 4001-1.RFS.PP.MOTION

## **CONTINUATION PAGE 4.A.(7)**

☒     The Debtor has failed to tender periodic cash payments due and owing to Movant under the Retail Installment Sale Contract – Simple Finance Charge (with Arbitration Provision). <u>See</u> Pistole v. Mellor (In re Mellor), 734 F.2d 1396 (9th Cir. 1984).

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*            *Page* 6            **F 4001-1.RFS.PP.MOTION**

## PERSONAL PROPERTY DECLARATION

I, (print name of Declarant) _Erica Choice_, declare

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the Property (specify):

   a. ☐ I am the Movant

   b. ☒ I am employed by Movant as (state title and capacity): _Officer_

   c. ☐ Other (specify):

2. a. ☒ I am one of the custodians of the books, records and files of Movant that pertain to loans, leases, or extensions of credit given to Debtor concerning the Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

   b. ☐ Other (see attached):

3. The Property is:

   a. ☒ Vehicle (year, manufacturer, type and model and year): 2022 TESLA MODEL X

   Vehicle Identification Number: 7SAXCBE63NF350619
   Location of Vehicle (if known):

   b. ☐ Equipment (manufacturer, type, and characteristics):

   Serial number(s):
   Location (if known):

   c. ☐ Other Personal Property (type, identifying information, and location):

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page   7                                    F 4001-1.RFS.PP.MOTION

4. Nature of Debtor's interest in the Property:

   a. ☐ Sole owner
   b. ☒ Co-owner(s) *(specify):* Debtor is a Co-Owner on the Retail Installment Sale Contract – Simple Finance Charge (with Arbitration Provision) with Coastal Massage Oxnard, who is not a party to this bankruptcy case. <u>(See Exhibit 1.)</u>
   c. ☐ Lessee *(specify):*
   d. ☐ Other *(specify):*
   e. ☒ Debtor  ☒ did  ☐ did not   list the Property in the Debtor's schedules.

5. ☐ The lease matured or was rejected on (date) _____:

   a. ☐ rejected
      (1) ☐ by operation of law.
      (2) ☐ by order of the court.

   b. ☐ matured.

6. Movant has a perfected security interest in the Property.

   a. ☐ A true and correct copy of the promissory note or other document that evidences the debt owed by the Debtor to Movant is attached as Exhibit _____.

   b. ☒ The Property is a motor vehicle, boat, or other personal property for which a certificate of title is provided for by state law. True and correct copies of the following items are attached to this motion:

      (1) ☒ Certificate of title ("pink slip") (Exhibit <u>2</u>).
      (2) ☐ Vehicle or other lease agreement (Exhibit _____).
      (3) ☒ Security agreement (Exhibit <u>1</u>).
      (4) ☐ Other evidence of a security interest (Exhibit ____).

   c. ☐ The Property is equipment, intangibles, or other personal property for which a certificate of title is not provided for by state law. True and correct copies of the following items are attached to this motion

      (1) ☐ Security agreement (Exhibit _____).
      (2) ☐ UCC-1 financing statement (Exhibit _____).
      (3) ☐ UCC financing statement search results (Exhibit _____).
      (4) ☐ Recorded or filed leases (Exhibit _____).
      (5) ☐ Other evidence or perfection of a security interest (Exhibit _____).

   d. ☐ The Property is consumer goods. True and correct copies of the following items are attached to this motion.

      (1) ☐ Credit application (Exhibit _____).
      (2) ☐ Purchase agreement (Exhibit _____).
      (3) ☐ Account statement showing payments made and balance due (Exhibit _____).
      (4) ☐ Other evidence of perfection of a security interest (*if necessary under state law*). (Exhibit _____).

   e. ☐ Other liens against the Property are attached as Exhibit _____.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                   Page   8                                   F 4001-1.RFS.PP.MOTION

7. Status of Movant's debt as of <u>March 27, 2024</u>:

    a. The amount of the monthly payment <u>$2,054.45</u>

    b. Number of payments that become due and were not tendered: ☐ prepetition  4 ☒ postpetition

    c. Total amount of arrears: <u>$8,617.80 (includes late charges of $400.00)</u>

    d. Last payment received on (*date*): <u>November 5, 2023</u>

    e. Future payments due by the anticipated hearing date (*if applicable*): <u>April 5, 2024</u>

    An additional payment of $2,054.45 will come due on (*date*) <u>April 5, 2024</u>, and on the <u>5th</u> day of each month thereafter. If the payment is not received by the <u>N/A</u> day of the month, a late charge of <u>N/A</u> will be charged under the terms of the loan.

8. ☐ Attached as Exhibit ___ is a true and correct copy of the POSTPETITION payment history that accurately reflects the dates and amounts of all payments made by the Debtor since the petition date.

9. Amount of Movant's debt as of <u>March 27, 2024</u>:

    a. Principal: .................................................................................... $98,979.32
    b. Accrued interest: ......................................................................... $2,394.43
    c. Costs (attorney's fees, late charges, other costs): .......................... $400.00
    d. Advances (property taxes, insurance): ........................................... $0.00
    e. TOTAL CLAIM as of <u>March 27, 2024</u>...................................... $101,773.75

10. ☒ (*Chapter 7 and 11 cases only*) Valuation: The fair market value of the Property is: <u>$80,000.00</u>

    This valuation is based upon the following supporting evidence.

    a. ☐ This is the value stated for property of this year, made, model, and general features in the reference guide most commonly used source for valuation data used by Movant in the ordinary course of its business for determining value of this type of property. True and correct copies of the relevant excerpts of the most recent edition of the reference guide are attached as Exhibit ___.

    b. ☐ This is the value determined by an appraiser other expert evaluation. True and correct copies of the expert's report and/or declaration are attached as Exhibit _____.

    c. ☒ The Debtor's admissions in the Debtors' schedules filed in the case. True and correct copies of the relevant portions of the Debtor's schedules are attached as Exhibit <u>3</u>.

    d. ☐ Other basis for valuation (*specify*):

    > NOTE: If valuation is contested, supplemental declarations providing additional foundation for the opinions should be submitted.

11. Calculation of equity in the Property:

    a. ☒ **11 U.S.C § 362(d)(1) - Equity Cushion:**

    I calculate the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) Senior to Movant's debt is <u>-$21,773.75</u> and is <u>0.00%</u> of the fair market value of the property.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                              Page   9                              F 4001-1.RFS.PP.MOTION

    b. ☒ 11 U.S.C. § 362(d)(2)(A) – Equity:

       By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 10 above, I calculate that the Debtor's equity in the Property is -$21,773.75.

12. ☐ The fair market value of the Property is declining because:

13. ☐ The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit ____.

14. ☐ Movant regained possession of the Property on (date) _____, which is: ☐ prepetition ☐ postpetition.

15. ☐ (Chapter 12 or 13 cases only) Status of Movant's debt and other bankruptcy case information:

    a. The 341(a) meeting of creditors is currently scheduled for (or concluded on) (date) _____.
       A plan confirmation hearing is currently scheduled for (or concluded on) (date) _____.
       The plan was confirmed on (if applicable) (date) _____.

    b. Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

(See attachment for additional breakdown of information attached as Exhibit _____.)

    c. Postconfirmation payments due BUT REMAINING UNPAID after the plan confirmation date (if applicable):

| Number of Payments | Number of Late Charges | Amount of each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

    d. Postpetition advances or other charges due but unpaid:     $
       (For details of type and amount, see Exhibit _____)

    e. Attorneys' fees and costs     $
       (For details of type and amount, see Exhibit _____)

    f. Less suspense account or partial paid balance     $
       TOTAL POSTPETITION DELINQUENCY:     $

    g. ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent The plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or 13 trustee regarding receipt of payments under the plan (attach LBR form F 4001-1. DEC.AGENT.TRUSTEE).

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                                             Page 10                                               F 4001-1.RFS.PP.MOTION

16. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligations to insure the collateral under the terms of Movant's contract with Debtor.

17. ☐ the bankruptcy case was filed in bad faith:

    a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

    b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

    c. ☐ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

    d. ☐Other (specify):

18. ☐ The filing of the bankruptcy petition was part of a scheme to delay, hinder, and defraud creditors that involved:

    a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing scheme.

    b. ☐ Multiple bankruptcy cases affecting the Property:

        (1)    Case Name:
            Chapter:            Case number:
            Date filed:         Date discharged:                Date dismissed
            Relief from stay regarding this Property ☐ was ☐ was not granted.

        (2)    Case Name:
            Chapter:            Case number:
            Date filed:         Date discharged:                Date dismissed
            Relief from stay regarding this Property ☐ was ☐ was not granted.

        (3)    Case Name:
            Chapter:            Case number:
            Date filed:         Date discharged:                Date dismissed
            Relief from stay regarding this Property ☐ was ☐ was not granted.

        ☐ See attached continuation page for more information about other bankruptcy cases affecting the Property.

        ☐ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, and defraud creditors.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                           Page    11                          F 4001-1.RFS.PP.MOTION

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s)

    a. ☐ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

    b. ☐ Although Movant knew the bankruptcy case was filed, Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

    c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

5/16/24    Erica Choice                    Erica Chow
Date       Printed Name                    Signature

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**Tiffany & Bosco, P.A., 7720 North 16th Street, Suite 300, Phoenix, Arizona 85020**

A true and correct copy of the foregoing document entitled (*specify*):

**NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (WITH SUPPORTING DECLARATIONS) REGARDING PERSONAL PROPERTY**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) August 1, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**DEBTOR'S ATTORNEY:** Marc A Lieberman marc.lieberman@flpllp.com, safa.saleem@flpllp.com,addy@flpllp.com
**CHAPTER 7 TRUSTEE:** Arturo Cisneros (TR) amctrustee@mclaw.org, acisneros@iq7technology.com, ecf.alert+Cisneros@titlexi.com
**CHAPTER 7 TRUSTEE'S ATTORNEY:** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com, alinares@ecf.courtdrive.com, cmendoza@marshackhays.com, cmendoza@ecf.courtdrive.com
**CHAPTER 7 TRUSTEE'S ATTORNEY:** Tinho Mang tmang@marshackhays.com, tmang@ecf.courtdrive.com, alinares@ecf.courtdrive.com, cmendoza@ecf.courtdrive.com
**U.S. TRUSTEE:** United States Trustee (RS), ustpregion16.rss.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) August 1, 2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**JUDGE:** Honorable Wayne Johnson, United States Bankruptcy Court, Central District of California, 3420 Twelfth Street, Suite 384, Riverside, CA 92501-3819
**DEBTOR:** Shamicka Lawrence, 11364 Estates Court, Riverside, CA 92503
**CO-OWNER:** Coastal Massage Oxnard, Inc., 11801 Pierce St., Suite 200, Riverside, CA 92505

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 1, 2024 | Cortney Massey | /s/ Cortney Massey |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                                    Page   13                                     **F 4001-1.RFS.PP.MOTION**